Beaumont Car Works et al. v. Beaumont Improvement Company.

No. 267.

1. **Parol Evidence to Vary a Writing.**—A promise to locate and establish car works at Beaumont is a valid consideration for a deed to land, and parol evidence is not admissible, in a suit to rescind the deed, for failure to comply with said promise, to show that the shops were never in fact established, when no ground for equitable relief arising out of the circumstances attending the execution of the deed are shown.

2. **Evidence Showing a Deed to be an Escrow.** — The evidence shows that the deed was executed by plaintiff for the immediate purpose of enabling the defendant to secure the bonds which it proposed to issue and negotiate, and was delivered to the trust company by plaintiff, upon condition that it should not take effect if the bonds were not negotiated. The subsequent record of the deed by the trust company was not a delivery, and the instrument was an escrow, and not a deed.

3. **Innocent Purchaser.**—The intervenor purchased the land from the car works after this suit was instituted, and with full notice of all the circumstances showing the character of the instrument, and he took only such title as the defendant had, which was none.

Appeal from Jefferson. Tried below before Hon. W. H. Ford.

*Douglas & Lanier* and *O'Brien & O'Brien*, for appellants.—The court erred in permitting witness Hal W. Greer to testify for plaintiff, over the objections of defendant and intervenor, to the terms and conditions upon which the deed from the Beaumont Improvement Company to the Beaumont Car Works was executed, said objections being, that plaintiff sought, by the oral testimony of the witness as to what were the terms and conditions of the deed, to vary, extend, or contradict a deed in writing, and to affect by oral testimony the legal effect and validity of the same. Trammell v. Pilgrim, 20 Texas, 158; Franklin v. Mooney, 2 Texas, 454; Heatherly v. Record, 12 Texas, 50; Rockmoore v. Davenport, 14 Texas, 602; Collison v. Gray, 25 Texas, 87; Epperson v. Young, 8 Texas, 135; Dunham v. Chatham, 21 Texas, 245; Railway v. Pfeuffer, 56 Texas, 56; Railway v. Perry, 81 Texas, 466; Williams v. Railway, 82 Texas, 553; Heffron v. Cunningham, 76 Texas, 316; Benavides v. Hunt, 79 Texas, 383; Shaw v. Parvin, 1 W. & W. C. C., sec. 366; Bank v. Randall, 1 W. & W. C. C., sec. 974; 2 Washb. on Real Prop., 4 ed., 2–6, 12, 429, 437; 3 Washb. on Real Prop., 367–378; 1 Greenl. on Ev., par. 275–278, 367–378; 1 Greenl. on Ev., 34, note 1.

*Greer & Greer*, for appellee.— 1. A deed reciting as consideration $1 paid and conditions subsequent to be performed by the grantee, is an executory and not an executed contract, and the total failure of consideration may be shown by parol testimony. Gibson v. Fifer, 21

Texas, 260; Railway v. Pfeuffer, 56 Texas, 66; 1 Dev. on Deeds, secs. 322, 323.

2. When the effect of the deed does not depend upon the construction· or meaning of its terms, but upon extrinsic facts and circumstances, it. becomes the duty of the court to admit such facts in evidence and consider the same in construing the fair intendment and meaning of the instrument. Taylor v. McNutt, 58 Texas, 73; Goldman v. Blum, 58 Texas, 630; 1 Dev. on Deeds, sec. 321.

3. The intervenor being a purchaser lis pendens, admitting knowledge of plaintiff's suit and the conditions named in the deed from plaintiff to· defendant, he occupies no better position than the defendant itself, and' takes subject to all the conditions, legal, equitable, and in fact, that ex-· isted between the plaintiff and defendant. Hoffman v. Blume, 64 Texas, 334; Randal v. Snyder, 64 Texas, 350; Harle v. Langdon, 60 Texas, 561.

GARRETT, Chief Justice.—This suit was brought in the District Court of Jefferson County, by the Beaumont Improvement Company, to cancel a deed executed by it to the Beaumont Car Works.

Plaintiff averred in its petition, that being desirous of securing the permanent location and operation of car works at Beaumont in and upon plaintiff's real estate, and knowing that it would greatly enhance the value of plaintiff's other property, and relying upon the promises of the defendant that it would permanently locate, build, and operate a large establishment for the manufacture of all kinds of railway cars upon the two tracts of land described in the petition, plaintiff executed its general warranty deed to the defendant, whereby it conveyed to the defendant the said two tracts of land, which were fully described; and in the same deed, upon the same inducements and promises by the defendant, plaintiff conveyed to it certain blocks and lots of land, which were also fully described. That the real and only consideration for said deed was that the defendant should as aforesaid locate and establish its car works at Beaumont; but instead of so locating and establishing its said car works at Beaumont, the defendant had abandoned its enterprise entirely, was insolvent and in a bankrupt condition, having neither the means nor the intention of complying with the conditions of said deed, but instead thereof had placed an agent in possession of the two tracts of land described in the petition, with the instruction to hold the same adversely to plaintiff. It further averred, that the consideration for said deed had wholly failed, and that said enterprise had been wholly abandoned, wherefore it prayed that the deed be cancelled.

The defendant the Beaumont Car Works pleaded the general issue.

I. R. Bordages, one of the appellants, intervened in the suit, and set up title to the land conveyed by the deed by virtue of execution sales on. certain judgments against the Beaumont Car Works.

Plaintiff replied to the intervention of Bordages, alleging, among other matters, that the deed executed by it to the Beaumont Car Works was delivered by it to the Holland Trust Company, of New York, in escrow, to take effect only when certain bonds of the Beaumont Car Works were sold by the said trust company in accordance with an agreement between the promoters of said car works and the people of Beaumont, and not to be delivered to the Beaumont Car Works until the terms and conditions with respect to said bonds had been carried out; of all of which the intervenor had full knowledge.

There was a trial without a jury, and judgment was rendered by the court in favor of the plaintiff, cancelling the deed, adjudging that intervenor Bordages take nothing by his intervention, and awarding plaintiff a writ of possession for the land and lots described in the deed.

Upon the trial of the case, parol evidence was admitted, over the objection of the defendant and intervenor, to show upon what terms and conditions the deed which was sought to be cancelled was executed, and the action of the court in receiving such evidence has been assigned as error. This and other assignments bring before the court for consideration the proper construction to be given to the deed, and determination also whether or not the instrument was shown by the evidence to be the deed of the plaintiff, or only an escrow in the hands of the Holland Trust Company, to be used or delivered in the event the bonds of the Beaumont Car Works were negotiated.

*Conclusions of Fact.*—As shown by the evidence, the Beaumont Car Works was incorporated under the laws of the State of Texas, November 3, 1890, with its domicile at Beaumont, in Jefferson County, Texas. Its object was to establish a manufactory at Beaumont for all kinds of railway cars. The promoters of the enterprise were nonresidents of this State, and the people of Beaumont were desirous of securing the location of such works at Beaumont, and their subscriptions to the enterprise were sought by the promoters. Citizens of Beaumont were among the incorporators. The Beaumont Improvement Company was also a corporation, composed of persons living at Beaumont, chartered June 6, 1890. It owned lands and lots situated in Beaumont, and some of its stockholders were also interested in the Beaumont Car Works. It was agreed between the promoters of the enterprise and the citizens, that the latter should donate land for the building site of the car shops and furnish the right of way for a railway switch from the railway to the works. Propositions were made with respect to raising the money to put the car works in operation, involving subscriptions on the part of the people of Beaumont in the ratio of one on their part to four on the part of the nonresident promoters of the enterprise.

The first proposition to build by stock subscriptions was abandoned,

and there was a proposition to raise the means by the execution of bonds to be secured by a deed of trust upon the property of the car works. The Holland Trust Company, of New York, submitted a proposition in writing to the Beaumont Car Works, to act as its trustee in the matter and negotiate the bonds; and after stating the terms of its proposition with respect to the sale of the bonds, etc., it concluded as follows: "The full description of your company's real estate and an inventory of its personal property should be furnished at once, and the deeds of the former left with us, to be recorded and held in escrow by us."

When the enterprise was first agreed on, the Beaumont Improvement Company agreed to donate the land for the location of the shops, and pointed out to the Beaumont Car Works the land to be occupied. The car works people went into possession of the land about January 1, 1891, and felled trees and built a small house for an office, tools, etc. Work was suspended for awhile until the bond proposition was agreed on. After it was determined to issue the bonds of Beaumont Car Works, to be secured by a deed of trust to the Holland Trust Company, the deed from the Beaumont Improvement Company to the Beaumont Car Works was executed. It is dated March 13, 1891, and is as follows:

"*The State of Texas, County of Jefferson.*—Know all men by these presents, that the Beaumont Improvement Company, a corporation duly chartered under the laws of Texas, domiciled at Beaumont, said county and State, acting herein by and through its president, L. R. Levy, for and in consideration of $1 to it in hand paid by the Beaumont Car Works, and in further consideration of the location of its car works at Beaumont, said county and State, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said Beaumont Car Works, a corporation chartered under the laws of Texas, and domiciled at Beaumont, said State and county, all those certain tracts, pieces, or parcels of land, etc. This conveyance being made on the condition that said Beaumont Car Works shall begin operation, either by the erection of buildings or otherwise, within ninety days, towards carrying on the business for which it was chartered.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said the Beaumont Car Works, its successors and assigns, forever. And the said Beaumont Improvement Company does hereby bind itself, its successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"In testimony whereof," etc.

This deed was properly acknowledged on the date of its execution, March 13, 1891; was filed for record in the record of deeds for Jefferson County on December 7, 1891, and was duly recorded.

The consideration for the execution of the deed was the location and establishment of the car works at Beaumont, as expressed therein, and it was executed in accordance with a proposition to sell the bonds of the car works, to be secured by a mortgage or deed of trust on its property, to raise the means to put said car works in operation. It was delivered to the Holland Trust Company by the Beaumont Improvement Company, to take effect only on condition that the bonds were sold, when it was to be recorded. The deed of trust was executed and was placed also in the hands of the Holland Trust Company.

No bonds were sold; the car works were never built nor put in operation, and the company is insolvent. But it was shown that work was resumed by the car works within ninety days after the execution of the deed; more land was cleared, and brick foundations were put in for the car shops.

The intervenor showed that he was the purchaser of the property in controversy at execution sale made pending this suit. The court below found, upon evidence sufficient to support the finding, that he was cognizant of all the facts attending the execution of the deed by the improvement company and the delivery thereof to the Holland Trust Company.

*Conclusions of Law.*—The instrument relied on in this case by the appellants as a deed is in form an executed contract, and as such parol evidence would be inadmissible to destroy the effect and operation thereof, although it is familiar doctrine that the greatest latitude of inquiry will be allowed "as to what consideration really passed between the parties; and the grantee is not estopped by his acknowledgment of payment in any action which he may bring for the recovery of the purchase money or other object, so long as the validity of the deed as an operative conveyance is not attacked." 2 Dev. on Deeds, sec. 834. See, also, Railway v. Pfeuffer, 56 Texas, 66. When a deed is left executory by its terms, it may be rescinded for a failure to comply therewith; a familiar instance of the right to rescind a deed being upon default of payment of the purchase money for which a vendor's lien has been reserved in the deed. The instrument executed by the plaintiff is supported by a valid consideration recited therein—a promise to locate and establish the car works at Beaumont; and parol evidence is not admissible in a suit to rescind the contract to show that the shops were never in fact established, when no ground for equitable relief arising out of the circumstances attending the execution of the deed are shown. It is shown by the evidence, that the condition that work should commence within ninety days had been complied with. An examination of the case of Gibson v. Fifer, 21 Texas, 260, cited by counsel for appellees, will show that the combined elements of mental weakness, undue influence, and overreaching

were disclosed by the evidence, and were held to be quite sufficient to entitle the plaintiff to have the conveyance set aside and the property restored to him. No such facts are shown by the record in this case, and there is nothing shown that would entitle the plaintiff to a rescission of the instrument as a deed.

We are of the opinion, however, that the instrument sought to be set aside was an escrow, and not a deed. The evidence shows clearly that it was executed by the plaintiff for the immediate purpose of enabling the defendant to secure the bonds which it proposed to issue and negotiate, and was delivered to the Holland Trust Company by the plaintiff itself upon the condition that it should not take effect if the bonds were not negotiated. By the issue and sale of the bonds money was to be raised to build the car shops and put the concern going, and as the benefit to accrue to plaintiff for the conveyance of the property was to come from the establishment of the car works, it is quite natural that it should desire to protect itself by delivering the instrument as an escrow to the Holland Trust Company. The subsequent record thereof by the trust company did not operate as a delivery.

It is unnecessary to inquire whether the intervenor acquired any rights from the record of the instrument as an innocent purchaser, because the facts as found show that he had full notice of all the circumstances fixing the character of the instrument, and was also a purchaser pendente lite, and acquired no right to the land prior to the institution of plaintiff's suit. He took only such title as the defendant had, which was none.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered October 5, 1893.