## Tom Snowden et al. v. The State.

### No. 3804. Decided May 6, 1908.

**Scire Facias—Collateral Parol Agreement—Appearance Bond—Judgment Nisi.**

Upon trial of a scire facias case, to make final a judgment nisi, it was no defense by the sureties that one of them had agreed with the sheriff that he would not go on the bond if he was liable for more than a certain sum (the bond being a greater sum) ; the bond in all respects complying with article 309 Code Criminal Procedure. The sheriff was not an agent for the State and had no authority to make such agreement; and this, although the court had instructed the jury to consider such agreement, and which the jury found to be true; and there was no error in the court's action upon motion by the State to render judgment in favor of the State against all the obligors on the appearance bond, notwithstanding such charge and finding of the jury. Following Brown v. State, 18 Texas Crim. App., 326.

Appeal from the District Court of Henderson. Tried below before the Hon. C. H. Gardner.

Appeal from a judgment final under an appearance bond against the principal and his sureties for the sum of $2,000.

The opinion states the case.

*Miller & Royall* and *Watkins, Green & Richardson,* for appellant.— On question of invalidity of bond by reason of sheriff's agreement with one of the sureties: Bopp v. Hansford, 45 S. W. Rep., 744; Bronson v. Noyes, 7 Wend., 188; Brown v. Probate Judge, 42 Mich., 501; Powling v. U. S., 4 Cranch, 219; Ballow et al. v. Witchita County, 12 S.

W. Rep., 48; Ordinary v. Thatcher, 41 N. J. (law), 403; Deardoff v. Foreman, 24 Ind., 481; Dair v. U. S., 16 Wall, 1; Kiser v. State, 13 Texas Crim. App., 202; Davis v. State, 5 Texas Crim. App., 48; Code Crim. Proc., arts. 306–310; Gregg v. State, 18 Texas Crim. App., 295.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Nathena v. State, 15 Texas Crim. App., 460; Allee v. State, 28 Texas Crim. App., 531.

RAMSEY, JUDGE.—This was a suit under the usual form of scire facias, by the State of Texas, against the appellants as sureties on the bond of one Tom Snowden in the sum of $2,000, who was charged with a crime in the District Court of Henderson County. No issue was made on appeal as to the regularity of the bond, the sufficiency of the judgment nisi or the legality of the service, and the only question presented is as to the liability of appellants by reason of certain facts pleaded by them and which were in effect found to be true by the jury. The bond in question was alleged to be invalid for the following reasons, which appear in the answer of Lewis and which, with the view of insuring accuracy, we copy literally: "Defendant Lewis further answering herein, if so required, says that at the time that he signed the bond that it was distinctly understood and agreed by and between Sheriff W. O. Williams and himself that the said sheriff was not to accept and approve said bond if he, the defendant Lewis, was to be held for more than $500, and it was specially agreed and understood by and between said Williams and this defendant that the said Williams was not to release the defendant, Tom Snowden, from jail if he, the said defendant Lewis, was to be held or become responsible for more than said sum of $500, by reason of which said bond is void and invalid." Lewis averred in his answer that he was ready to pay into court the sum of $500 and asked the court in accepting said $500 that he be discharged from any further liability on said bond. This answer was verified by the affidavit of Lewis. The court submitted, substantially, the following charge to the jury: There is but one issue in this case and it is submitted to you in the form of a question which is as follows: "Was it understood and agreed between the defendant Lewis, and the Sheriff W. O. Williams at the time the bond of Tom Snowden was signed that the sheriff was not to accept the bond if the defendant Lewis was to be held for more than $500, and that it was understood that the defendant Snowden was not to be released from jail if the said Lewis was bound for more than $500?" To this question the jury returned the following answer: "We, the jury, answer to the question, yes." In this condition of the record, the district attorney moved the court to enter a judgment in favor of the State against each of the defendants including the defendant Lewis, notwithstanding the answer of the jury on the special issue of fact presented to them, because, as claimed by the State, the defense upon which this issue is based and

the evidence submitted to the jury thereon, show no valid legal defense or reason why final judgment should not be rendered in the case for the amount of the bond against Lewis and each of the defendants. This motion was by the court granted and judgment accordingly entered in favor of the State against the bondsmen for the principal sum of such bond. In this we think the court was correct and that there was no error in so doing. It was not denied that Lewis signed the bond for $2,000 and that at the time he signed the same, he knew the bond was for this sum, but he seems to have relied on the contemporaneous assurance or agreement that his liability would be restricted to $500, and acted in the belief that his liability would be so restricted. In so far as he may be said to have relied on such parol agreement in avoidance of a written obligation, such claim of exception and liability cannot be upheld. Beaumont Car Works v. Beaumont Imp. Co., 23 S. W. Rep., 274; East Texas Fire Ins. Co. v. Clarke, 21 S. W. Rep., 277; Miller v. Fletcher, 21 Am. Reports, 356; 16 Cyclopedia of Law and Procedure, p. 572; State v. Potter, 21 Am. Reports, 340. The utmost that can be said for appellant's claim is that in discussing the matter with the sheriff he said that he would not go on the bond if he was liable for more than $500, and that thereupon Snowden and the sheriff insured him that he would not be bound beyond said sum, and the further claim of appellant that he told the sheriff not to release Snowden on such bond in the event he would be bound for more than $500. The law of this State, article 309, Code of Criminal Procedure, defines the requisites of a bail bond and provides as follows: "A bail bond shall be sufficient if it contain the following requisites: 1. That it be made payable to the State of Texas. 2. That the obligors thereto bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him. 3. If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor. 4. That the bond must be signed by the principal and suretits, or in case all or either of them cannot write, then that they affix thereto their marks. 5. That the bond state the time and place when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time it is sufficient to specify the term of the court, and in stating the place it is sufficient to specify the name of the court or magistrate and of the county."

This bond conforms in all respects to the statute, was signed by Lewis with full knowledge of its purport and contents, was accepted by the sheriff and the principal Snowden released. The defense is that because Lewis was assured by the sheriff, or the sheriff had agreed with him that he should not be held for more than $500, and that Snowden was not to be released in the event that he would be liable for exceeding that sum, that this invalidates such obligation. To this we cannot accede. While it has been said somewhat loosely in some cases, that

the sheriff is the agent of the State, he has no such authority, nor should he have the authority to embarrass, defeat or destroy the bonds and obligations of the State by reason of any promise in respect thereto, or by reason of any construction which he may place thereon whereby the signers of such obligations would be held to have created a liability less than that fixed by the plain import of the obligation signed by them. To give any other construction to the sheriff's assurances or agreement would be against public policy. This, as we understand, is the plain holding of the court in the case of Brown v. State, 18 Texas Crim. App., 326. In that case it appeared that Brown and others had become sureties on the bail bond of William Duncan who was indicted for embezzlement. Duncan had forfeited his bond, a judgment nisi had been taken and a writ of scire facias had issued to the sureties. Among other defenses, as it appears from the report of the case, urged by appellants, was that they had signed the bond on the express condition that S. A. Bradley should also sign it as a surety; that they were assured that if they signed it, Bradley would sign also; that they signed it with the implied agreement that it was not to be used until signed by Bradley; that the bond was fraudulently delivered to the sheriff in violation of said agreement without Bradley's signature and without the knowledge or consent of appellants; that the representation was made to them that Bradley would sign it as an inducement to get them to sign the bond; that they knew Bradley to be a good and solvent surety and signed the bond on the condition aforesaid; that the party making the representation was acting for the sheriff in getting the bond signed and that the sheriff took and approved the bond without Bradley's signature with full notice of the facts as above stated; that appellants did not know of the delivery of the bond without Bradley's signature until after its forfeiture. It was further claimed that the bond so signed—that is on condition that others would sign it, is merely an escrow, and if the obligee have notice of the condition, it is not valid until other signatures are obtained. In passing on this defense, Judge Willson says: "The rules of law relating to an escrow do not apply to bonds. A bond cannot be delivered to the obligee, or to one of several obligees, as an escrow. (Moss v. Riddle, 5 Cranch, 351; Blume v. Bowman, 2 Ired. L. (N. C.), 338; State v. Chrisman, 2 Ind., 126; Perry v. Patterson, 5 Humph. (Tenn.), 133.) It may be delivered as an escrow to the principal obligor by a surety (Paulding v. The United States, 4 Cranch, 219), but when delivered to the obligee it is absolute and binding from the date of such delivery. In this case the plea of defendants shows that the bond was executed by them and delivered to the sheriff, the agent of the State of Texas, the obligee therein. The facts set forth in the plea presented no legal defense against the bond, and the court did not err in sustaining exceptions to it." See also Fentress v. State, 16 Texas Crim. App., 79; Allee v. State, 28 Texas Crim. App., 531; Nathena v. State, 15 Texas Crim. App., 460, and Gary v. State, 11 Texas Crim. App., 527.

Believing that the conclusion reached by the court below is the only just conclusion of the facts that could have been reached, we hold that the court did not err in rendering judgment for the amount of the bond, the verdict notwithstanding. Finding no error in the action of the court below, the judgment is affirmed.

*Affirmed.*