## M. H. PRIDE v. THE STATE.

### No. 4181.    Decided February 5, 1908.

**Local Option—Evidence—Grand Jury—Hearsay.**

Where upon trial for a violation of the local option law, no fact which occurred in the grand jury room was in controversy, it was error to permit a witness to testify to what he stated before the grand jury; besides the testimony was hearsay. Following McKnight v. State, 50 Tex. Crim. Rep., 252, 16 Texas Ct. Rep., 681.

Appeal from the County Court of Johnson. Tried below before the Hon. F. E. Adams.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, and *J. D. Kugle,* County Attorney, for the State.

DAVIDSON, Presiding Judge.—A bill of exceptions shows that while the witness Windom was testifying for the State, he stated that when he was testifying before the grand jury in regard to the person from whom he had bought whisky, he stated that he did not know the man's name from whom he bought the whisky, but described the man as being over middle age, somewhat gray, with gray mustache and of medium size. Several objections were urged to this; it being in the absence of the defendant, was purely hearsay, improper, and because no fact which occurred in the grand jury room was in controversy.

We are of opinion that this exception is well taken under the authority of McKnight v. State, 50 Texas Crim. Rep., 252; 16 Texas Ct. Rep., 681. This very question was there discussed and decided adversely to the State, and in consonance with appellant's contention.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*