### BRUCE SMITH v. THE STATE.

#### No. 4185.   Decided February 12, 1908.

**Local Option—Hearsay Evidence.**

Upon trial for a violation of the local option law, it was error to permit the State's witness to testify that a third party gave him a bottle and said he had gotten it from the defendant; that this bottle contained whisky, and that this occurred in the absence of the defendant; defendant denying any sale of whisky to prosecutor.

Appeal from the County Court of Johnson. Tried below before the Hon. F. E. Adams.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*A. S. Bledsoe,* for appellant.

*F. J. McCord,* Assistant Attorney-General; *J. D. Kugle,* County Attorney; *J. E. Warren,* and *W. E. Myers,* for the State. Riggs v. State, 16 Texas Ct. Rep., 683.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law.

Bills of exception Nos. 1 and 2 present this matter: The witness Cleveland, over objection of appellant, was permitted to testify that "in the latter part of January, 1906, Luther Shelton gave me a bottle, and said he had gotten it from Bruce Smith. This bottle contained whisky. Tasted and smelled the contents of the bottle; it was a poor grade of whisky. He gave me the bottle in the district courtroom. There was no one present, except he and I." Several objections were urged; among others, that it was a transaction occurring in the absence of appellant, without his knowledge or consent, was hearsay, etc.

We are of opinion that the statement of Shelton to the witness Cleveland, in objections stated, to the effect that he had gotten the bottle from appellant, was inadmissible. See Holmes v. State, No. 4116, de-

cided at the present term. The State might prove by Shelton he secured a bottle of whisky from appellant and turned it over to the witness Cleveland, if this was necessary as a fact by which the bottle could be identified as the bottle of whisky that Shelton should have bought, but the statement of Shelton to the witness Cleveland that he had gotten the bottle from appellant was not admissible. The testimony of Shelton shows that he went to appellant's place of business and took a couple of drinks of cider with appellant, for both of which he (Shelton) paid. That he then requested appellant to sell him some whisky, which he says, after some conversation, appellant did. This is most strenuously denied by appellant. Appellant states that Shelton came to his place of business, and paid for the drinks of cider, which he and Shelton drank, but that he did not let him have any whisky. Under this state of case, this character of evidence, to which exception was reserved, is inadmissible.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*