### JERRY GREEN v. THE STATE.

No. 3645.    Decided May 13, 1908.

**1.—Local Option—Elections—Publication.**

Where upon trial of a violation of the local option law it appeared that there had been held two separate elections, both of which resulted in prohibition, but there was no evidence showing an election under the first election, and it appeared that under the second election the publication had not been consummated, a conviction could not be sustained.

**2.—Same—Statement of Facts—Filing—Adjournment.**

Where upon appeal of a conviction of a violation of the local option law it appeared that the statement of facts was filed too late, and after adjournment, the same could not be considered.

Appeal from the County Court of Brown.    Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law.

The affidavit and information charges that an election was held on the 15th day of September, 1903.    The alleged sale of the whisky occurred on the 26th day of October, 1906.    The orders and declaration of result, and publication of the order introduced in evidence occurred in September and October, 1906.    The publication in the newspaper began on the 4th of October, the last publication being on the 25th of October.    The sale occurred on the 26th of October.    It is contended the evidence does not support the allegations in the information. This contention is sound.    There was no evidence introduced to show that there was an election held in 1903.    The information having alleged the sale by virtue of the election in 1903, it would be necessary to prove it.    There being no evidence introduced to show that such election was held, from that standpoint of the record a conviction cannot be sustained.    The orders, decrees, declarations and publication of the result of the election of 1906 cannot sustain the conviction for the reason that the sale occurred on the 26th of October, which is less than twenty-eight days after the beginning of the publication.    The four publications occurred on the 4th, 11th, 18th and 25th of October, and covered but twenty-one days prior to the 26th.    At any rate, it did not cover the requisite number of twenty-eight days.    The sale having occurred before the four weeks' publication was terminated, there could be no violation of law.    Under either law this conviction cannot be sustained, for under that of 1903 there is no evidence showing an election, and under that of 1906 the publication had not been consummated.    There is filed with the case an agreed statement of facts showing that the orders in regard to the election of 1903 were introduced, and exception reserved to the introduction of such orders, but this was not filed in the trial court within the time authorized.    The court adjourned on the 11th day of May, 1907; this agreed statement of facts in regard to the election of 1903 was not filed until the 29th of August, 1907, therefore, cannot be considered.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*