## JERRY GREEN v. THE STATE.

### No. 3837. Decided May 20, 1908.

**1.—Local Option—Information.**

Where upon trial for a violation of the local option law the information followed approved precedent, the same was sufficient.

**2.—Same—Evidence—Date—Bolstering up Testimony—Impeachment.**

Where upon trial of a violation of the local option law, there seemed to be no uncertainty about the date of the alleged sale, it was error to permit the State's witness to bolster up his testimony by stating that his testimony before the court of inquiry was the same as in the case on trial; there having been no attempt at impeachment.

**3.—Same—Continuance.**

Upon first application for continuance, where the testimony is material, and the diligence sufficient, the same should be granted.

**4.—Same—Evidence—Orders of Commissioners Court—Elections.**

Upon trial of a violation of the local option law there was no error in permitting the introduction of the orders, decrees, declarations of result and publication of the order declaring the result. Following Rhone v. State, 53 Texas Crim. Rep., 478.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of insufficiency of information: Stewart v. State, 35 Texas Crim. Rep., 392; 33 S. W. Rep., 1081; Smith v. State, 19 Texas Crim. App., 444; Strickland v. State, 19 Texas Crim. App., 518; McAfee v. State, 41 S. W. Rep., 627; Chennowith v. State, 50 Texas Crim. Rep., 238; 96 S. W. Rep., 19; Thompson v. State, 15 Texas Crim. App., 39; Arbuthnot v. State, 34 S. W. Rep., 269. On question of evidence: Holmes v. State, 52 Texas Crim. Rep., 106; S. W. Rep., 1160–1161; McKnight v. State, 50 Texas Crim. Rep., 252; 95 S. W. Rep., 1056; Pride v. State, 52 Texas Crim. Rep., 441; 107 S. W. Rep., 819. On question of continuance: Yantis v. State, 94 S. W. Rep., 1019. On question of orders of commissioners court, publication, etc.: Ladwig v. State, 40 Texas Crim. Rep., 385; Walker v. State, 52 Texas Crim. Rep., 293; 106 S. W. Rep., 376.

*F. J. McCord,* Assistant Attorney-General, for the State.

. DAVIDSON, Presiding Judge.—This conviction was for violating the local option law.

The information is attacked. Without discussing it, we hold that under the authorities the information is sufficient. However, the alleged purchaser was permitted to testify that about two months after he had purchased the quart of whisky from appellant, as set out in the information, he went before a court of inquiry held at the courthouse in Brown County, and there testified before said court of inquiry in regard to having purchased this quart of whisky from appellant, and that he there told the facts before said court of inquiry just as he had testified in this case, and on previous trials, and that the date given in the information in this case was according to the evidence before said court of inquiry, and was, therefore, correct, and that this case was filed as a result of his having testified before said court of inquiry. Objection was urged that the proceedings before the court of inquiry were not had in the presence of the defendant and was an ex parte examination, and that the proceedings therein could not be used as evidence against this defendant. That it was an attempt to prove the date of this transaction by incompetent, irrelevant and immaterial testimony; that said evidence was wholly irrelevant and immaterial for any purpose in the case, and was but a conclusion and opinion of the witness. The court qualifies this bill by stating that the testimony of witness as to his prior testimony was in answer to the county attorney on redirect examination, in which he asked witness how he could fix date of purchase. This testimony was inadmissible. An inspection of the statement of facts show that there seemed to be no uncertainty about the date, for the witness testified that it was in March, 1906, that he bought the whisky and about the middle of the morning; that he called for a quart of whisky, which the defendant handed him over the bar, and for which he paid $1.50. On cross-

examination he stated that it was in the spring of 1906, and that his best recollection was that it was in the month of March. Even if it became necessary to fix the date by some extraneous matter as for instance, he may have been called before a court of inquiry at a certain date, this he may have stated, and further that it was about two months before this court of inquiry that the purchase was made, but that did not justify his corroborating himself; even if necessary to fix the date, which seems was not the case, it was certainly not proper that he should corroborate his testimony or seek to bolster it up by stating that his testimony before the court of inquiry was the same as in this case. There had been no such character of impeachment, or attempted impeachment such as would justify this character of corroborative or sustaining evidence. See Holmes v. State, 52 Texas Crim. Rep., 353; 106 S. W. Rep., 1160; Pride v. State, 52 Texas Crim. Rep., 441; 107 S. W. Rep., 819; McKnight v. State, 50 Texas Crim. Rep., 252; 95 S. W. Rep., 1056; Davis v. State, 77 S. W. Rep., 451, and collated cases.

We deem it unnecessary to discuss the errors suggested with reference to continuing or postponing the case. We are of opinion, however, that if it were necessary to discuss it, that the continuance or postponement should have been granted. It was the first application, the testimony was material, and the diligence seems to have been ample.

We are of opinion there was no error in permitting the introduction of the orders, decrees, declarations of result and publication of the order declaring the result. This question was decided adversely to appellant in the case of Rhone v. State, this day decided.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*