ELBERT KIRKSEY v. THE STATE.

No. 391.   Decided February 2, 1910.

1.—Local Option—Complaint—City Attorney.

Where upon trial for a violation of the local option law, it appeared that the complaint was made before a city attorney of a city incorporated under the General Incorporation Act, authorizing the incorporation of towns of two hundred or more people, and there was no evidence in the record on appeal to show that the City Court of said city was operating under the Corporation Court Act of the Twenty-sixth Legislature, the city attorney had no authority to take the affidavit and swear the complainant.

2.—Same—Argument of Counsel—Allusion to Former Conviction.

Where upon trial of a violation of the local option law the prosecuting attorney in his argument to the jury alluded to a former conviction in the Mayor's Court, from which an appeal had been taken to the County Court where the case was being tried de novo, the same was reversible error.

3.—Same—Evidence—Bolstering up Witness.

Upon trial of a violation of the local option law it was reversible error to permit State's counsel to ask the witness whether he had been telling the truth all along in the case, to which the witness replied that he did, and among other things he told the truth when the defendant was being tried in the Corporation Court.

4.—Same—Evidence—Hearsay.

On trial of a violation of the local option law, it was reversible error to admit testimony as to statements the prosecuting witness had made with reference to the alleged whisky in defendant's absence.

Appeal from the County Court of Shelby.   Tried below before the Hon. W. D. White.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $200.

The opinion states the case.

*S. H. Sanders,* for appellant.—A city court has no jurisdiction to try an accused for an alleged violation of a State penal offense:   Ex parte Sibley, 65 S. W. Rep., 372; Ex parte Hart, 56 S. W. Rep., ·341; Holmes v. State, 44 Texas, 631; Ex parte Coombs, 38 Texas Crim. Rep., 648, 44 S. W. Rep., 854; Ex parte Hinson, 46 Texas Crim. Rep., 587, 81 S. W. Rep., 987; Ex parte Anderson, 46 Texas Crim. Rep., 372, 81 S. W. Rep., 973; Ex parte Levine, 46 Texas Crim. Rep., 364, ·81 S. W. Rep., 1206; Ex parte Knox, 39 S. W. Rep., 670; Leach v. State, 36 Texas Crim. Rep., 248, 36 S. W. Rep., 471; Ex parte Fagg, 38 Texas Crim. Rep., 573, 44 S. W. Rep., 294; Ex parte Wickson, 47 S. W. Rep., 643; Ballard v. City of Dallas, 44 S. W. Rep., 864; Holland v. State, 39 S. W. Rep., 675; Ex parte Towles, 48 Texas, 413; Ex parte Whitlow, 59 Texas, 273; Johnson v. State, 47 Texas Crim. Rep., 580, 85 S. W. Rep., 274.

On question of admitting testimony as to witness telling the same story all along:   Riojas v. State, 36 Texas Crim. Rep., 182, 36 S. W.

Rep., 268; Pride v. State, 52 Texas Crim. Rep., 441, 107 S. W. Rep., 819; McKnight v. State, 50 Texas Crim. Rep., 252, 95 S. W. Rep., 1056.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $200.

There are several interesting questions presented for revision.

1. It is urged against the sufficiency of the complaint and its legality that the city attorney had no authority to take the affidavit on which the prosecution is predicated. This case originated in the Mayor's Court of the town of Center, in Shelby County. This town was organized under the general incorporation act authorizing the incorporation of towns of 200 or more people. We have not been able to find a law authorizing city attorneys to take affidavits in cases of this character except under what is known as the Corporation Court Act, passed by the Twenty-sixth Legislature, page 40, of the regular session. There is no evidence in the record and nothing to show that the city court at Center was operating under this Act; in fact, the record shows that the city of Center was operating under the general Act applying to towns of its class. We are of opinion, therefore, that the city attorney had no authority to take the affidavit and swear the complainant.

2. Another bill of exceptions recites that while the city attorney was addressing the jury he used the following language: "Gentlemen of the jury: I admire the persistent fight that Mr. Sanders (Sanders being the attorney representing the defendant) is making for his client, and in following his case; this being an appeal case from the Corporation Court where the defendant was convicted;" and further, "The reason that I am in this case is because it is an appeal case from the Corporation Court of the city of Center, where I am the city attorney." When these statements were made appellant's counsel asked the court to admonish the attorney to stay within the record, and not go outside and discuss other matters not pertaining to this case, as same was done to inflame the minds of the jury and was not a legitimate argument; and he further requested the court to instruct the jury not to consider same in regard to counsel referring to another conviction in this case as any other conviction would not have any bearing on this one, and the reference of counsel should not be taken as a circumstance against the defendant, as this was the case to be tried and no other conviction of the defendant was a circumstance of his guilt. This the court refused to do, and exception was taken and properly approved by the judge. This argument was unwarranted and in violation of the statute. A conviction in the justice or inferior courts when appealed to the higher court—in this instance it was the County Court —shall be tried de novo, that is, as if the case had never been tried. This was a direct allusion to the fact of a former conviction which had

been supplanted and set aside by an appeal to the County Court, and could not be used before the jury as any evidence nor could it be alluded to as a means of bringing about a conviction on the appeal. A statute was enacted to prevent just this character of allusions and statements.

3. Another bill recites that during the examination of the State's witness, the following question was asked: "Have you told the truth all along in this case?" He replied, "I told the truth when the officers caught me with the whisky; I told the truth in the office of Mr. Stephenson; I told the truth in the Corporation Court when the defendant was tried there, and I am telling the truth now, and my testimony was then what it is now. The defendant was not present when the officers caught me, nor was he present in the office of Mr. Stephenson when I made the statement there." Appellant objected to all this, and asked the court to instruct the jury not to consider the testimony for the reason that when the statement was made to the officers defendant was not present, and was not present when the statement was made in the office of Mr. Stephenson, and the witness also referred to another conviction of the defendant in the lower court and let the jury get the impression that the defendant had been convicted in another court. This testimony was clearly inadmissible under all the rules, and should not have been permitted to go before the jury. Riojas v. State, 36 Texas Crim. Rep., 182; Pride v. State, 52 Texas Crim. Rep., 441, 107 S. W. Rep., 819; McKnight v. State, 50 Texas Cr. Rep., 252, 95 S. W. Rep., 1056; Sanders v. State, 31 Texas Crim. Rep., 525, 21 S. W. Rep., 258.

4. Another bill of exceptions recites the following: "My name is Tom Davis. I am deputy marshal of this town. I went down in toward colored quarters on the 5th day of this past month (June) and me, with some of the other officers caught the witness, John Addison, with some whisky. I asked him several questions about this whisky, and at first the witness told me that he had ordered the whisky, then he would say that he did not know where he got it. I finally asked him if he got it from a white man or a negro, and he told me that he got it from a negro. I asked him, didn't he get it from Elbert Kirksey? to which he replied that he did get it from Elbert Kirksey, the defendant, and paid him two dollars for it. The defendant was not present at this time." Appellant objected to the questions and answers of the witness for the reason it was a statement of the witness made while defendant was not present, could not be binding on him, and was foreign to the issue, and tended to corroborate the State's main witness, John Addison, in that part of his testimony wherein he says that he told the truth when the officers caught him on the above occasion; and further, same was inadmissible, immaterial, irrelevant, and proved no circumstance binding on the defendant. This bill is approved by the court without qualification. This was error, and the testimony should not have gone to the jury. Appellant's exception should have been

sustained. Holmes v. State, 52 Texas Crim. Rep., 352; Smith v. State, 52 Texas Cr. Rep., 507; Green v. State, 53 Texas ·Crim. Rep., 466, 110 S. W. Rep., 929.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.* ·

RAMSEY, Judge.—I concur in the result. I express no opinion on the matter discussed in the first paragraph of the opinion.