## Pleas Shepperd v. The State.

### No. 4539.    Decided June 20, 1917.

1.—**Local Option—Identity of the Defendant—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence failed to show the identity of the defendant as the person who sold the alleged liquor, a conviction could not be sustained.

2.—**Same—Defendant's Failure to Testify—Argument of Counsel—Requested Charge.**

Where, upon trial of a violation of the local option law, the court at the request of defendant instructed the jury that they would not consider defendant's failure to testify, and State's counsel, over the objection of defendant, commented on said failure to testify, the same was reversible error. Following Dougherty v. State, 59 Texas Crim. Rep., 464, and other cases.

3.—**Same—Hearsay Evidence.**

Where a State's witness was permitted to testify that the prosecuting witness, in the absence of the defendant, told the witness that he bought the alleged liquor from the defendant, the same was reversible error, as the testimony is purely hearsay. Following Kirksey v. State, 61 Texas Crim. Rep., 641, and other cases.

4.—**Same—Practice on Appeal.**

Where the judgment is reversed and the cause remanded, it is not necessary to consider matters which are not likely to reoccur on another trial.

Appeal from the County Court of San Augustine. Tried below before the Hon. E. T. Anderson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of fifty dollars and thirty days confinement in the county jail.

The opinion states the case.

K. W. *Stephenson,* for appellant.—On question of identification: Rios v. State, 155 S. W. Rep., 308; Yarborough v. State, 151 S. W. Rep., 545.

On question of hearsay evidence: Kirksey v. State, 125 S. W. Rep., 15, and cases stated in opinion.

On question of waiving jury and trying case before judge: Loza v. State, 1 Texas Crim. App., 488; Gazley v. State, 17 id., 267; Tollett v. State, 44 Texas, 95.

E. B. *Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was charged by information with the sale of intoxicating liquors in territory in which such sales were pro-

hibited and on conviction his punishment fixed at a fine of $50 and thirty days confinement in the county jail.

The charge in the information was that the sale was made to John Curbo. Curbo testified that he bought a pint of whisky from a negro whom he did not know but who told him his name was Pleas Shepperd, and at the time he bought it he was in company with the witness Henry Malone. Curbo stated that the defendant might look something like the negro that he got the whisky from, but that the negro that sold him the whisky had a mustache and was of lighter complexion than the defendant; that he could not swear that the defendant was the same negro, and he did not believe the negro who sold him the whisky was as tall as the defendant.

Henry Malone testified that he was with Curbo at the time he bought the whisky and was acquainted with Pleas Shepperd, the defendant; had known him a long time and that the negro who sold the whisky was not the defendant. Both Curbo and Malone stated that the transaction took place in an old store building into which Curbo and the negro walked, Malone standing at the door.

We do not think the evidence is sufficient to identify the defendant as the person who sold the liquor. The court gave a special charge at request of appellant, advising the jury that they would not consider appellant's failure to testify as a circumstance against him. The county attorney commented upon the defendant's failure to testify, stating that he would not have done so if appellant had not requested this charge. A timely objection was made to this argument and overruled by the court. The statute, article 790, C. C. P., provides that defendant's failure to testify shall not be taken as a circumstance against him, and that it shall not be alluded to or commented upon by counsel in the cause. The failure to observe this injunction has frequently been held cause for reversal by this court. Vernon's C. C. P., p. 716, note 29 and cases cited; Branch's Ann. P. C., p. 209, and cases there listed. It has been frequently held that it is proper for a court to inform the jury in his charge of this law. Dougherty v. State, 59 Texas Crim. Rep., 464; Branch's Ann. P. C., p. 211, sec. 377, and cases cited. Parties may request special charges, C. C. P., art. 737, and when given by the court they are given as part of the law of the case and for the government of the jury and litigants. The fact that the law prohibiting the consideration by the jury of defendant's failure to testify as a circumstance against him was given in a special charge would not give any more license to the attorneys trying the case to disregard the injunction in the statute against commenting upon defendant's failure to testify than if the matter was contained in the regular charge. A similar question was passed upon in Anglin v. State, 47 Texas Crim. Rep., p. 109.

A witness testified that John Curbo in the absence of the defendant told witness that he bought the whisky from Pleas Shepperd. The admission of this evidence was violative of the rule against the use of

hearsay evidence. Kirksey v. State, 61 Texas Crim. Rep., 641, 125 S. W. Rep., 15, and Long v. State, 59 Texas Crim. Rep., 103, 124 S. W. Rep., 640. Other matters raised will not likely occur on another trial.

For the errors pointed out the judgment of the lower court will be reversed and the cause remanded.

*Reversed and remanded.*