## D. D. BUSBY V. THE STATE.

No. 10255. Delivered June 26, 1926.

Rehearing denied March 23, 1927.

**1.—Theft, a Felony — Evidence — Tracing Stolen Property — Properly Admitted.**

Where, on a trial for theft, testimony of several witnesses, tracing the stolen property from the place of the taking to where it was recovered, and back into the possession of the owner, was properly admitted. The objection to the reception of this testimony, on the ground that the matters testified to did not occur in the presence of the appellant, is not tenable.

**2.—Same—Bills of Exception—Incomplete—Rule Stated.**

It has been uniformly held by this court that a bill of exception which merely presents the objections made without also affirmatively showing

that the facts thus stated as objections, are true, will not suffice to call for consideration of the bill.

### 3.—Same—Requested Charge—Properly Refused.

Where, on a trial for theft, it appearing that the property was taken in Dickens County, and carried into Knox County, the place of the trial, a requested charge that unless the jury believed the defendant was the original taker of the property in Dickens County, to acquit him, was properly refused. If appellant associates himself with the criminal enterprise, viz.: the taking and appropriation of the property, at any time before the offense has been completely consummated, he would be criminally responsible. See Smith v. State, 21 Tex. Crim. App. 96.

### 4.—Same—Assertion of Ownership by Accused—Held Sufficient.

Where, on a trial for theft, it was shown that when appellant sold the stolen property, he told the purchaser that they had brought it down from their store, and that he could furnish him any other property he desired, this was a sufficient assertion of ownership.

ON REHEARING.

### 5.—Same—Evidence—Of Ownership—Rule Stated.

It is the rule that in the absence of other evidence of ownership, that fact cannot be proven by testimony of a witness as to the "ex parte" identification of the property by the owner, out of the presence of the accused. See Anderson v. State, 14 Tex. Crim. App. 49, and other cases cited. Also Underhill on Crim. Ev., 3rd Ed., Sec. 465.

### 6.—Same—Continued.

But one who testifies from personal knowledge to the identity of the property found, in the possession of the accused, with that which was stolen, is not understood as giving an opinion offensive to the rules of evidence. His statement is one of fact. See Underhill's Crim. Ev., 3rd Ed., Sec. 464, notes 66; also Berry v. State, 87 Tex. Crim. Rep. 559.

### 7.—Same—Continued.

It would seem, therefore, applying the liberal rule with reference to the introduction of testimony in a circumstantial evidence case, that the testimony of Lambert to the effect that he had examined the property delivered to him by Edwards, and that it was the same property that had previously been in his possession on the Pitch Fork ranch, was competent. See Preston v. State, 8 Tex. Crim. App. 30. Vernon's Tex. Crim. Stats., Vol. 2 (1916), p. 596.

### 8.—Same—Ownership of Property—Special Owner.

Where, on a trial for theft, it was shown that the property stolen belonged to one Harrold, who left same in a house, on a ranch in charge of one Lambert, the ownership was properly alleged to be in Lambert. "To constitute theft it is not necessary that the possession and ownership of the property be in the same person." "Possession of the person so unlawfully deprived of the property is constituted by the exercise of actual control, care and management of the property, whether the same be lawful or not." See Arts. 1414 and 1415, P. C. 1925. Following Frazier v. State, 18 Tex. Crim. App. 434; Vanderhider v. State, 98 Tex. Crim. Rep. 648.

9.—Same—Value of Property—Sufficiently Established.

Where, on a trial for theft, the special owner of the stolen property, testified without objection as to the value of each article taken, and that while he did not know exactly what they were worth, he did know approximately what the market value of the goods was, this was sufficient to establish their value.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Jas. A. Stephens* of Benjamin, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Knox County of theft of property over the value of fifty dollars, punishment fixed at two years in the penitentiary.

Furniture and other personal property was taken from a house on Pitch Fork ranch, said house being unoccupied at the time. O. A. Lambert, foreman of the ranch, testified that he had charge of the house and of the property in it. He testified as to the value of the property lost, fixing same at something over one hundred dollars, and stated that he had gotten back the property taken and that it was in the house from which it was taken. The identification of the property taken from said ranch with property sold by appellant and one Wilcoxson to Roy Scott seems sufficient to justify the conclusion of the jury that it was the same. Scott said he paid appellants $70.00 for the property which he purchased in Knox County. Said property was taken in Dickens County and carried by the parties into Knox County, where it was sold and where the prosecution was had.

There are seven bills of exception. Bills 1, 2, 3 and 4 complain of testimony relative to the fact that the property stolen was at the time of the trial back in the possession of Lambert and that the furniture had been turned over by Scott, the purchaser from appellant, to a Mr. Rice; also testimony that the furniture turned over to Rice had been turned over to Luther Edwards; also that Edwards testified that the furniture which had been turned over to him by Rice had been carried back to Pitch Fork ranch by him. The objection to this was that it was acts of these parties in the absence of the accused and after the commission of the

offense, etc.   We have often said that it is not a good objection
to testimony otherwise pertinent, to say that it transpired out of
the presence of the accused.   It may be noted that much of the
testimony relative to any case would likely relate to matters
occurring out of the presence of accused.   The owner who testi-
fies to the loss of his property, its location, its value, etc., testified
to facts occurring out of the presence of the accused, as he also
does who testifies to the finding of his property and its recovery at
a given place, or to the finding of evidences of crime, etc., etc.
Where it becomes necessary for the purpose of identifying prop-
erty to show that it passed from the hands of one to another, or
from that one to still another, such facts are not to be held inad-
missible simply because they were out of the presence and hearing
of the accused.   We might observe that neither one of the four
bills just referred to manifests the truth of the matters stated as
grounds of objection.   This court has uniformly held that a bill
of exceptions which merely presents the objections made without
also affirmatively showing that the facts thus stated as objec-
tions, are true, will not suffice to call for consideration.

Bill of exceptions No. 5 was taken to the refusal of a special
charge to the effect that unless the jury believed the defendant
was the original taker of the property in Dickens County, he
could not be convicted.   We do not so understand the law.   If
appellant associates himself with the criminal enterprise, viz.:
the taking and appropriation of the property at any time before
the offense had been completely consummated, he would be crim-
inally responsible.   Smith v. State, 21 Tex. Crim. App. 96.

Bill of exceptions No. 6 sought to have the jury told that before
they could convict they must believe that Lambert had the actual
care, control and management of the property.   We find nothing
in the evidence questioning Lambert's control of said property,
or that same was in his care, control and management.   The
main charge of the court seems sufficient on the point.   This is
true of the special charge, refusal of which is complained of in
bill of exceptions No. 7.   Scott testified that when appellant sold
him the property in question he told him that they had brought
it down from their store, and that he could furnish him any
other property that he desired.   The proposition of conscious
assertion of ownership seems fully supported by the testimony.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—From a house situated on the Pitch Fork ranch in Dickens County, which was in possession of the ranch foreman, Lambert, there was taken, about the 25th of November, 1925, certain household furniture, including two bedsteads, two mattresses, two rocking chairs, two cane chairs, two bedsprings, and a six-burner oil stove.

According to the witness Roy Scott, who resided at Munday, Texas, on or about the 25th of November, 1925, at about 11 o'clock at night, the appellant Busby and one Wilcoxson came to the home of Scott and brought with them articles of the description of those mentioned above, which they sold to the witness for the sum of $73.00. According to the witness, his house was subsequently visited by Officers Rice and Billingsley, and the articles which he had acquired from the appellant and Wilcoxson were exhibited to and examined by Rice and Billingsley. The appellant was not present at the time of the examination. Scott delivered to Rice the property which he had previously received from the appellant and Wilcoxson. According to Scott, at a time previous to the delivery of the property, the appellant and Wilcoxson told him that they had a store in Vernon and would bring him the property and sell it to him at one-half of its original price. He also said that he had previously made trades with the appellant and Wilcoxson and was told at the time that they had a store at Vernon and could sell and deliver to him sugar at a very low price; that about two weeks before buying the furniture he had purchased some casings from them.

Rice, a constable, testified that about the 25th of November, 1925, he, in company with Billingsley, visited the home of Roy Scott and there found some furniture which the witness described and enumerated, stating that there were two rocking chairs, two straight-back chairs, two iron bedsteads, two mattresses, and a Red Star six-burner oil stove.

Billingsley gave testimony similar to that of Rice.

Edwards testified that he was an employe of Lambert; that he received from John Rice some furniture, that is, two beds, two mattresses, two rocking chairs, two straight chairs, and a Red Star six-burner oil stove; that he conveyed these articles to the Pitch Fork ranch and placed them in the house under the control of Lambert. The house upon the ranch had been occupied by a man named Harrold, who had vacated the premises and left his property situated in the house in charge of Lambert. The witness Camel testified that he sold to Mike Michael, for

whom Harrold was working, two beds, two rockers, two straight chairs, mattresses, springs, and a six-burner oil stove.

Lambert testified that the property stolen was brought back into the house from which it had been taken; that it was delivered to him at the ranch by Luther Edwards.

Appellant complains of the receipt in evidence of the testimony of Lambert as follows:

"The property that was stolen at this time is back in the house that it was stolen from. We got it at Munday, Texas. Luther Edwards delivered it there."

And that of Scott as follows:

"I turned the furniture, the furniture that I purchased from the defendant, over to Mr. Rice."

Also that of Rice, as follows:

"I turned the furniture over to Luther Edwards."

As stated in the original opinion, the bills of exceptions mentioned are so meager in reciting the setting in which the testimony complained of was received and its relation to the case as to render their sufficiency to demand consideration doubtful.

Upon the merits of the legal question presented we make the following observations: It is a sound rule that in the absence of other evidence of ownership, that fact cannot be proved by testimony of a witness as to the "ex parte" identification of the property by the owner out of the presence and hearing of the accused. See Anderson v. State, 14 Tex. Crim. App. 49; Cannada v. State, 29 Tex. Crim. App. 537; Spears v. State, 91 Tex. Crim. Rep. 55; Underhill's Crim. Ev., 3rd Ed., Sec. 465. One who testifies from personal knowledge to the identity of property found in the possession of the accused with that which was stolen is not understood as giving an opinion offensive to the rules of evidence. His statement is one of fact. It may be untrue or he may be mistaken, but the statement is not to be classified as an objectionable opinion. See Underhill's Crim. Ev., 3rd Ed., Sec. 464, notes 66; also Berry v. State, 87 Tex. Crim. Rep. 559. The law did not forbid the tracing of the property by the testimony of several witnesses who handled it after it came into possession of Scott.

According to his testimony, Scott received certain property from the appellant and Wilcoxson.

The circumstances relied upon by the state was the possession of the stolen property. Lambert, the owner, did not see the property in the possession of the appellant, but after it was missed, he first saw it in the possession of Edwards, who had received it from Scott. It would seem, therefore, that applying

the liberal rule with reference to the introduction of testimony in a circumstantial evidence case, that the testimony of Lambert to the effect that he had examined the property delivered to him by Edwards and that it was the same property that had previously been in his possession, was competent. Preston v. State, 8 Tex. Crim. App. 30; Vernon's Tex. Crim. Stats., Vol. 2 (1916), p. 596.

We are referred to Uhl v. State, 289 S. W. 404, as thought to be in conflict with the above conclusion. When the point in the Uhl case upon which reversal was based is understood it will be apparent that no conflict exists and that the question there being considered was entirely different from the one here involved. In that case evidence was admitted, over objection, as to finding on defendant's premises a Dodge touring car and also a Dodge coupe, and also proof of the return of them to their reputed owners. Neither of these cars was the one defendant was being prosecuted for having received, and proof as to them threw no light on the transaction under investigation. Its harmful result was to impress the jury that defendant was a receiver of stolen property generally. The judgment was reversed for the erroneous reception of this evidence. In the present case the identical property claimed to have been stolen was being traced.

Lambert was foreman of the Pitch Fork ranch and in charge thereof. One Harrold and his wife, at one time, occupied one of the houses situated on the ranch. While there, Harrold was at work on an oil well. Some months before the offense was committed, Harrold ceased working there and he and his wife departed. Harrold told Lambert not to let anyone molest the property which was in the house. Lambert did not have a key to the house but looked in at the contents occasionally. Lambert being in possession and control of the ranch on which the house was situated, was, within the meaning of the law, the owner. The circumstances detailed sufficiently show that Harrold had left the premises and left the personal property in charge of Lambert. No one save Harrold had a right to remove the property without the consent of Lambert, who was the sole person in possession. The statute reads thus:

"To constitute theft it is not necessary that the possession and ownership of the property be in the same person at the time of taking." (Art. 1414, P. C., 1925.)

"Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care and management of the property, whether the same be lawful or not." (Art. 1415, P. C., 1925.)

The annotations in Vernon's Tex. P. C., 1925, Vol. 3, p. 175, illustrate the interpretation of the statute and support the ruling in the original opinion to the effect that the ownership in Lambert was proved. See Frazier v. State, 18 Tex. Crim. App. 434; Vanderhider v. State, 98 Tex. Crim. Rep. 648.

Appellant renews his insistence that the value of the property in the county where the theft occurred is not sufficiently proven and cites Williams v. State, 288 S. W. 1090, in support of his contention. In that case, over objection, a witness was permitted to testify what the stolen property was worth and what it would cost to buy it, without having stated that such was its market value, or without having shown that it had no market value. In the present case, without objection, Lambert testified as follows:

"As to whether or not there is any market for second-hand furniture on the Pitch Fork ranch, will say, I don't think so, I haven't heard of it. That stuff was taken from the house at that time, was in good condition. It was practically new, it had only been there for five or six months. The mattresses I should say would be worth about seven or eight dollars. As to whether or not I know the market value of these goods, will say that I don't know exactly what they were worth; I never did buy any furniture. I know approximately, that is to my best judgment, what the market value of these goods would be."

After this qualifying testimony the witness was permitted, still without objection, to testify as to the value of each of the stolen articles. In this state of the record we think appellant's contention that the value of the property at the place of taking was not shown cannot be sustained.

Our re-examination of the record in the light of the motion for rehearing leads us to the conclusion that the motion should be overruled. It is so ordered.                              *Overruled.*