MONROE ARNOLD v. THE STATE.

No. 11783.   Delivered October 10, 1928.
Rehearing denied November 7, 1928.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, *Posten & Falvey* and *Sam H. Townsend* of Lufkin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor; punishment being two years in the penitentiary.

Wilson—the party to whom the sale was alleged to have been made—testified that he told appellant he wanted a quart of whiskey, and that appellant delivered to witness a quart vinegar bottle full of some sort of liquor for which the witness paid four dollars. The witness could not say positively it was whiskey because he never had an opportunity to taste it. A short distance down the road from where he bought it officer Glover stopped Wilson's car and took possession of the quart vinegar bottle and a half pint bottle. The officers stopped Wilson to caution him about driving too rapidly and when Wilson opened the car door the officer discovered the bottles. Glover testified positively that he tasted the contents of the quart vinegar bottle and that it was whiskey.

Appellant complains that upon direct examination of Wilson the state's attorney asked him if he told the officers from whom he got

the whiskey, to which witness answered that he did. The bill of exception does not recite that he called his name, but only recites that he answered "yes" to the question. The objection urged was that the statement was hearsay and not binding on appellant. We would not be inclined to hold that the bill presents such error as demands a reversal especially in view of a qualification by the trial judge that appellant's objection was sustained and the answer of the witness withdrawn from the jury.

Complaint is made at the following question by the district attorney and answer of the witness Wilson.

"Who did you deliver that bottle to, or who took it away from you, and what kind of a bottle was that whiskey in that Mr. Glover took away from you." The witness testified as follows: "I didn't deliver it to anybody. Mr. Glover took it away from me. It was in a vinegar bottle."

The objection urged was that the transaction inquired about occurred out of appellant's presence, was not binding on him, and was as to him hearsay. It is not everything which occurs out of accused's presence which is inadmissible in evidence. It was necessary for the state to prove the intoxicating character of the liquor. Wilson was not in position to testify upon that point, the liquor having been taken from him before he had opportunity to taste it. It was proper to trace the bottle into the hands of some one who could speak as to its contents. The principle is not unlike tracing stolen property for the purpose of identification. Busby v. State, 106 Tex. Cr. R. 293, 292 S. W. 234.

We fail to discover any merit in appellant's complaint because the district attorney asked the witness Glover "Where is the quart of whiskey that you took off of Otto Wilson?" To which the witness replied: "This is it." One objection seems to have been that appellant was not present when the whiskey was taken from Wilson. Such objection is disposed of in a previous paragraph of this opinion. The other objection was that the testimony failed to show any connection between appellant and Wilson which rendered such evidence admissible. In view of the record the learned trial judge properly overruled such objection.

Wilson testified that two or three days after the transaction under investigation he made an affidavit before the county attorney in which he stated from whom he had bought the whiskey and left the affidavit with the county attorney. He also testified that he had no agreement with Mr. Youngblood, the sheriff, about turning

state's evidence. Complaint of the receipt of this testimony is brought forward by bills of exception four and five. Through cross-examination of the witness Glover appellant seems to have introduced the issue of the witness Wilson turning state's evidence, and of giving his testimony as a result of some agreement. Upon such cross-examination Glover testified:

"I arrested him (Wilson), and brought him up to jail. When I got him to jail I did not tell him that if he would tell that he got it from Monroe Arnold I would turn him loose. I did not tell him anything; I turned him over to the sheriff. I was not there when they questioned him. I do not know that they told him then and there if he would tell that he got it from Monroe Arnold they would turn him loose; I do not know anything about an agreement; if there was I was not present. It is my understanding that he has not been prosecuted for transporting or possessing intoxicating. liquor. I am a policeman here. As to whether my understanding is that by him prosecuting Monroe Arnold and turning all this in he was to be relieved from the charge of transporting and possessing whiskey, I will state that I understand that is the agreement, but I can not swear to that; I don't know. That is my understanding."

The evident purpose of this testimony was to impress the jury that Wilson was moved to give evidence against appellant by some agreement favorable to him with the officers. We perceive no error in permitting the witness to deny that such was the case. If he had been permitted to testify that in the affidavit referred to he had said he bought the whiskey from appellant an objection that it was the receipt of hearsay evidence not admissible under the circumstances would appear to have some merit, but the witness did not state the contents of the affidavit further than to say that in it he gave the name of the party from whom he bought the liquor. The matter was not pursued further. So far as the record shows the affidavit was not produced nor sought to be used by either the state or appellant. Under the circumstances we think the incident does not call for a reversal.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of our disposition of his bill of exceptions No. 4, which set up that Otto Wilson, prosecuting witness, was asked by the State if he had made an affida-

vit before the county attorney as to the transaction and from whom he bought the whisky,—which he answered in the affirmative over appellant's objection. Neither the affidavit nor its contents was in evidence. Just how such testimony could harm appellant is not perceived. He was not named in the question or answer as the party referred to in the affidavit. We further note that the bill fails to show in itself facts by which we might affirmatively know that the matter asked about was without materiality. No reason is advanced upon which we would be justified in upholding this complaint. Long v. State, 124 S. W. Rep. 640, (cited by appellant) is not analogous. In that case a man found in possession of a bottle of liquor, told the officer where and how he got the liquor, took him to the place and told him that was where he got it. This was putting the conversation had between the officer and the purchaser, out of the presence of the appellant, before the jury, and was plainly hearsay. Appellant quotes a part of the syllabus in the case of Kirksey v. State, 125 S. W. Rep. 15, but the opinion of the court goes much further in its statement and clearly demonstrates that the testimony referred to was not admissible. The state was there trying to bolster up its witness and asked him if he had told the truth in this case, and he affirmed that he had and stated various times, places and persons when and to whom he had told the truth about said transaction. Such testimony was manifestly improper. Testimony that one K, in the absence of the accused, told a witness who testified to that fact that he bought the whisky from the accused, would be hearsay as held in Shepherd v. State, 196 S. W. Rep. 541. None of these authorities aid appellant in his contention.

Testimony relative to the identity of liquor offered before the jury, such as that the alleged purchaser delivered the liquor gotten from the accused to a named or described other person; that it was in a bottle or container of a given description; that it had been in a certain place,—all became material and was not open to the objection that such facts were res inter alios acta.

We regret our inability to agree with appellant's complaints of our conclusions of law, and are also of opinion that the jury having accepted as sufficient the testimony of the witness that the whisky was bought from appellant, we are not at liberty to set aside their finding.

The motion for rehearing will be overruled.

*Overruled.*