OTHER OWINGS v. THE STATE.

No. 12488. Delivered April 24, 1929.
Rehearing denied May 29, 1929.

The opinion states the case.

*J. Lee Cearley* of Cisco, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Appellant raises the point in this court for the first time that the indictment as copied in the transcript omits the statutory conclusion "against the peace and dignity of the State." The clerk of the trial court has forwarded to this court a certified copy of the original indictment showing same to contain a proper statutory conclusion.

The record is here without any bills of exception. We have carefully considered the facts and are of opinion same are ample to support the judgment. A house with barns and garage was situated on land belonging to a Mr. McCullam. The house, barns, garage, etc., referred to were occupied and controlled by Mr. Clampitt. On the night charged in the indictment the garage on said place was broken into and car casings, rims, a motormeter and some harness were taken. The rims and motormeter were found on appellant's car. An accomplice testified that he and appellant entered the house and took the articles in question. We think the evidence sufficient. The indictment properly charged ownership in Clampitt.

No error appearing, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.

ON MOTION FOR REHEARING AND APPLICATION FOR CERTIORARI.

HAWKINS, JUDGE.—Appellant brings before us in a verified motion two bills of exception which were omitted from the transcript originally and asks for a writ of certiorari to have the transcript corrected to embrace said bills. The clerk certifies that they were filed among the papers in the cause but nothing appears in the certificate nor in the application for certiorari advising us that they were filed within the time required by statute. However, waiving this irregularity, we have considered the bills as though they were properly before us. One of them shows that a witness testified that he had seen on "appellant's car at the city hall in Cisco" a motormeter identified as part of the stolen property. It was later developed that this witness only knew from hearsay that the car belonged to appellant. The court declined to withdraw that part of witness' testimony which seemed to be hearsay. In this respect we think the action of the trial court was erroneous but

it does not call for a reversal because it was shown by other undisputed evidence that the car did in fact belong to appellant.

The other bill presents no error. It brings forward a complaint that the sheriff testified to the effect that he took appellant's car to the police station in Cisco, objection thereto being that appellant was not present when this was done. The motormeter and other stolen property was on this car. It was necessary and allowable to show the movements of the car in order to trace the stolen property and identify it. Busby v. State, 106 Tex. Cr. R. 293, 292 S. W. 234.

The motion for rehearing and application for certiorari are overruled.

*Overruled.*