BENNIE WHITE v. THE STATE.

No. 18563. Delivered November 12, 1936.
State's Rehearing Denied December 23, 1936.

The opinion states the case.

*Sam Williams* and *T. C. Hutchings*, both of Mt. Pleasant, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The testimony adduced by the State shows that B. I. White, Beverly White, and appellant became involved in an altercation with Rebecca Graham at a resort known as the Blue Moon. The deceased, who was present, intervened in behalf of Rebecca by taking hold of her arm and telling B. I. White to release her, and began to walk away with her. B. I. White, Beverly White, and appellant followed him and appellant stabbed him in the heart from the effects of which he died almost instantly.

Appellant's version of the affair is, in substance, as follows: that B. I. White and Rebecca had some trouble at the resort; that he and his father went there to get B. I. to go home; that deceased appeared on the scene with a large butcher knife and struck at him, appellant, with it; that when deceased drew back to strike at him the second time he, appellant, stabbed him. A large butcher knife was found near the body of the deceased. The State, however, proved by one witness that after deceased

was stabbed by appellant, that appellant ran into the kitchen, picked up the butcher knife and threw it down near the body of the deceased.

Appellant's first complaint is that the court erred in overruling his application for a continuance based on the absence of Willard Hawkins, whose testimony it is claimed was material to his defense. The court qualified the bill of exception and in his qualification states that it was appellant's third application; that the expected testimony was cumulative; that the absent witness was present and testified at a former trial of this case and his testimony could have been reproduced through the court reporter. A second or subsequent application for a continuance will not be granted on account of the absence of a witness whose testimony would be cumulative. Hence the court did not err in overruling the application for continuance. See Harvey v. State, 35 Texas Crim. Rep., 545; Waters v. State, 91 Texas Crim. Rep., 592.

By bill of exception number two appellant complains of the action of the trial court in permitting a prospective juror to sit in the court room and hear the questions propounded to other prospective jurors touching their qualifications as jurors and the answers which they made. In the absence of a showing that injury resulted from such procedure, no reversible error is shown.

Bills of exception numbers three, four, five, and six are qualified by the trial court and as qualified fail to show any error.

Bill of exception number seven is without merit and is overruled.

Bill of exception number eight reflects the following occurrence. Edward Peel, a witness for the State, testified that after appellant had stabbed the deceased, he, appellant, ran into the kitchen, came back with a large butcher knife and threw it down near the body of the deceased. On cross-examination of the witness appellant, through his counsel, elicited from him the fact that he told State's counsel prior to said former trial of seeing appellant go into the house, pick up the butcher knife, come out to where the body of the deceased lay and throw the butcher knife down near it, yet he was not called at the former trial to give any testimony in behalf of the State. The special prosecutor, Mr. Ward, in making the closing argument to the jury said: "What the witness, Edward Peel, testified as to making a statement to the officers, as to seeing the defendant place knife by deceased's

body is true,"—to which appellant objected because Mr. Ward had not taken the witness stand and testified; that said argument was a voluntary statement of a fact by a prominent attorney and was prejudicial to appellant's rights, etc. The court qualified said bill and in his qualification states that he did not consider the argument complained of as giving testimony; that it was but a detailed discussion of the testimony given by the witness and in reply to argument of counsel for the defendant. If the argument complained of was not subject to any other reasonable construction than that given it by the court, then there might not be any merit in the bill. But no matter what construction the court placed thereon it nevertheless conveyed to the jury the idea that it was true that the witness had told Mr. Ward prior to the first trial of this case that he saw appellant throw a knife near the body of the deceased. It occurs to us that said argument was giving a rather vivid color of verity to all of the testimony of the witness on the most material and vital issue in the case and tended to bolster up this testimony which was not permissible under the rule announced in the cases of Parker v. State, 43 Texas Crim. Rep., 526, 67 S. W., 121; Reese v. State, 43 Texas Crim. Rep., 539 (541); and Green v. State, 53 Texas Crim. Rep., 534. It does not seem reasonable that if the witness told the officers, including the district attorney and Mr. Ward, prior to the first trial the facts to which he testified on this trial that they would have declined to offer him as a witness; realizing as they did, no doubt, the importance of his testimony. That the argument under the circumstances under which it was made was highly prejudicial and hurtful is self-evident. In support of what we have here said we refer to the following cases: Reed v. State, 36 S. W. (2d) 526; Ballard v. State, 97 Texas Crim. Rep., 455; Rosa v. State, 86 Texas Crim. Rep., 646 (650).

We pretermit a discussion of the other matters complained of for the reason that they may not arise on another trial.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State insists in its motion for rehearing that we were in error when we predicated a reversal on bill of exception number eight. We have again reviewed the record. It is quite natural that the story told by the witness Peel invited criticism from appellant's counsel. The witness claimed upon this trial that at the time of the killing he had seen appellant get a butcher knife from the kitchen and drop it by the body of deceased. He averred that he had related this incident to counsel for the State prior to a former trial, notwithstanding which he had not then been called by the State as a witness. The conditions thus arising naturally led to observations from appellant's counsel as to the weight which the jury should give to Peel's evidence. Any reply which counsel for the State could legitimately make was of course appropriate, but the assertions in argument that Peel's statement was true, may by one of State's counsel to whom Peel claimed to have reported the incident prior to the other trial, occurs to us to have been the statement of a fact by counsel not under oath, the effect of which was the assumption by counsel of responsibility for not having used Peel as a witness on the former trial, thereby attempting to relieve Peel of the effect of criticism directed at his evidence. We are not impressed that State's counsel's announcement was a proper reply to argument of appellant's attorneys.

Believing the case was properly disposed of originally, the State's motion for rehearing is overruled.

*Overruled.*