### WASHINGTON MOORE V. THE STATE.

No. 18957.   Delivered May 12, 1937.
Rehearing Denied June 23, 1937.
Application for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) October 20, 1937.

The opinion states the case.

*Claude Miller,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for eighteen years.

Appellant shot and killed Tillie Clayton with a pistol. The deceased and his wife were separated though not divorced. The deceased had been living in Abilene but came to Waco on Thursday before the homicide on Sunday night. While he and his estranged wife were sitting in an automobile at night in front of her house, the appellant came to the car, jerked her out of the car by taking hold of her wrist and then shot the deceased who was sitting at the steering wheel. After being

shot, the deceased told the witness to get out of the car at once. He then drove away. After the appellant fired the shot at the deceased, he walked off. In firing the pistol the appellant held it right behind the witness, Margaret Clayton, thereby causing powder burns on her neck.

The written confession of the appellant was introduced in evidence from which it appears that he and his wife were separated, though not divorced; that he had been living with the wife of the deceased during the latter's absence. Appellant came home from work about nine o'clock on the night of the homicide. Failing to find the deceased's wife at her home, the appellant went to his home and changed clothes. He then returned to the place where she lived and ate supper. After sitting on the front porch for some thirty minutes, the appellant again went to his home, got his pistol and went back to the home of Margaret Clayton where he waited until she and the deceased arrived. About five minutes after their arrival, the appellant went to the car and asked Margaret Clayton what that meant, to which she made no reply. According to the appellant, the deceased then said: "What in the hell is the matter with you." Appellant replied: "Hello, Tillie." The deceased said something which the appellant did not understand. Margaret Clayton got out of the car, and the deceased moved around in it. The appellant then shot the deceased and walked home. Appellant was arrested the next morning while sitting on the porch of the house where Margaret Clayton lived.

Appellant testified upon the trial, his testimony being in substance the same as that set forth in his written confession.

The State introduced the witness, Jerry Whiteside, who testified that the appellant had said some two or three weeks before the homicide that he was going to kill Tillie Clayton whenever he came back to Waco. The witness also testified that appellant told him where he might find the pistol after the homicide.

The pistol with which the homicide was committed was introduced upon the trial and identified as that used by the appellant in the shooting of the deceased.

The bill of exception found in the record does not bear the approval of the trial judge. In the affidavit of the attorney for the appellant, it is made to appear that he prepared and presented to the trial judge on December 4, 1936, the bill of exception attached to the affidavit; that on the morning of December 19th, the attorney went to the office of the judge and was informed that the judge had gone out of the city and

would not return until the following day. According to the certificate of the trial judge, when the bill of exception was first presented to him he was engaged in the trial of a civil case; that on the morning of December 19, 1936, the bill was taken from his office during his absence; that if the bill had been left in his office it would have been acted upon within the prescribed time.

It is a general rule that a bill of exception which does not contain the signature of approval of the trial judge cannot be considered on appeal. Art. 667, C. C. P. See, also, Duncan v. State, 98 S. W. (2d) 822.

Deeming the evidence sufficient to sustain the conviction and perceiving no error justifying a reversal, the judgment of the trial court is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant contends in his motion for rehearing that we erred in declining to consider his bill of exception relating to the closing argument of Mr. Farmer, special prosecutor, in which he used the following language:

"Mr. Miller says, and he had Mr. Wilson to sit up there and show you how it was impossible for Tillie Clayton to have been shot as he was, in the position Margaret puts him. Well, in the first place when he jerked Margaret forward by the arm that naturally jerked her forward so that he fired the gun over her neck and into the body of Tillie Clayton."

Appellant objected to said argument and requested the court to instruct the jury not to consider it because it was out of the record. The bill is qualified but not signed by the court, and for that reason we declined to consider it. However, if the bill was properly certified by the trial judge, it would not disclose such error as would require a reversal of this case. We do not regard the argument as an unreasonable deduction from the testimony. Appellant testified the deceased was sitting in the car and Margaret was standing at the side of the car when he fired. Under said state of facts it is quite probable that he could have shot the deceased in the side of his body and at the same time burned Margaret's neck. To what extent her neck was powder burned is not disclosed by the record. The cases of White v. State, 99 S. W. (2d) 611, and Jones v. State, 91 S. W. (2d) 341, which appellant cites as supporting his contention are not analogous to the questions here presented. In the

White case the prosecuting attorney said that the witness had theretofore made a statement to the officers which was in accord with the testimony given by him on the trial and that it was true. No testimony had been offered to show what the witness had said to the officers. Hence it is obvious that the argument complained of in the White case was not a discussion of any testimony adduced at the trial, but was giving testimony by way of argument.

We therefore overrule appellant's motion for rehearing.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.